UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DAYTREND MOSES** | **CIVIL ACTION NO. 17-358-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaints filed in forma pauperis by pro se plaintiff Daytrend Moses ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 3, 2017. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He claims his civil rights were violated by prison officials. He names Jerry Goodwin, Lonnie Nail, Tommy Garrett, Jesse Jimerson, and Mark Hunter as defendants.

Plaintiff claims that on September 15, 2016, he was denied due process in the DWCC classification program. He claims he was not allowed to attend his scheduled extended lock-down review by Lonnie Nail and Jesse Jimerson. He claims there was no security reason or other substantial reason to deny him his right to be present at his review hearing.

Plaintiff claims he was on extended lock-down for six months and did not receive a rule violation report during that time. He claims that in a 34 month period, he only had one rule violation report. Plaintiff claims he was denied reassignment because of the serious nature of his past offenses.

Plaintiff claims inmate Raymond Williams, who is HIV positive, was placed on extended lock-down because he had sex and intentionally exposed another to HIV. He claims Williams was reassigned within 90 days. He claims inmate Joe Longoria was placed on extended lock-down for fighting. He claims Longoria received another rule violation report while on extended lock-down. He claims Longoria was reassigned within seven months. Plaintiff claims inmate Tyrone Pickron was placed on extended lock-down for possessing contraband. He claims Pickron was reassigned within 90 days. He claims that after Pickron was reassigned to the general population, he was written-up for a sex offense. He claims Pickron was reassigned within 90 days even though he had two rule violations within a year period. He claims the reassignment of these inmates demonstrates that he is being discriminated against by Nail, Jamison, and Goodwin.

Plaintiff claims that when he filed a grievance in the administrative remedy procedure regarding the denial of his due process rights and retaliation, Tommy Garrett rejected his request. He claims his request was rejected even though he did not challenge the board's denial of his reassignment. He claims he challenged the fact that he was not present at the hearing and the violation of his due process rights. He claims Garrett's

actions were in retaliation for his complaining and were designed to hinder and discourage him.

Plaintiff claims that on September 23, 2016, he was escorted to Nail's office. He claims Nail and Goodwin attempted to intimidate him. He claims he was told that he had no rights and if he continued to complain, he would regret it. He claims he was also made to understand that an officer's words were always more credible and there was no reason to complain or file a grievance. He claims he was threatened that he would be dealt with if he sought outside help.

Plaintiff claims that on December 15, 2016, he was denied the right to attend his disciplinary review by Colonel Nail and Mark Hunter. He claims he filed a grievance in the administrative remedy procedure. He claims Tommy Garrett rejected his grievance even though he challenged a due process violation. He claims he has been on extended lock-down for more than 361 days without appearing before the review board. Plaintiff claims the conditions on extended lock-down are extremely restrictive and therefore atypical and a significant hardship.

Accordingly, Plaintiff seeks a jury trial and monetary damages.

## LAW AND ANALYSIS

**Due Process in the Disciplinary Process**

Plaintiff complains that on September 15, 2016, he was denied due process in the DWCC classification program because he was not allowed to attend his scheduled extended lock-down review. Plaintiff complains that on December 15, 2016, he was also

denied the right to attend his disciplinary review hearing. To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431.

Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary action affected the duration of his sentence. To the contrary, Plaintiff's allegations concern the continuation of his classification on extended lock-down which is far from "extraordinary." This court finds that under Sandin, Orellana and Madison, an extension of his classification on extended

lock-down does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

**Classification**

Plaintiff complains he was placed on extended lock-down for a period longer than six months. He claims he did not receive a rule violation report while on extended lock-down and only one rule violation report in a 34 month period. These are not claims that this court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not

create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claims regarding his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Discrimination**

Plaintiff claims he was more harshly punished in the prison disciplinary proceedings than other inmates. To prove a cause of action under 1983, Plaintiff must demonstrate that prison officials acted with a discriminatory purpose. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995). "Discriminatory purpose in an equal protection context implies that the decision maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." Id., citing United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992).

Plaintiff has failed to allege a discriminatory purpose. He claims only that he was more harshly punished than other inmates. Plaintiff rests his claim only on his personal belief that discrimination played a role in his alleged harsh punishment.

Accordingly, Plaintiff has failed to allege a viable equal protection claim and this claim should be dismissed as frivolous.

**Administrative Remedy Procedure**

Plaintiff complains his grievances regarding the denial of his due process rights during his lockdown review hearing were wrongly rejected in violation of his constitutional

rights. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the Defendants failed to comply with the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, these claims regarding the administrative remedy procedure should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims Garrett rejected his grievance because he complained about his review hearing. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–the rejection of his grievance-would not have occurred. Woods

v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been violated by the rejection of his grievance. Moreover, the retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive his grievance would not have been rejected. In fact, the rejection form Plaintiff attached to his complaint states that his grievance was rejected because "Lockdown Review Board decisions may not be challenged unless you were not given reasons for your denial and you were not reviewed within 90 days of original placement in lockdown. You were given reasons for your denial" [Doc.1, p.4].

Accordingly, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

**Verbal Threats**

Plaintiff claims Nail and Goodwin attempted to intimidate him with verbal threats. Such claims fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir.1995). See Bender

v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, Plaintiff's claims regarding verbal threats should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge